1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   KRISTA MITCHELL,                        No. 2:24-cv-02294-TLN-CSK

12              Plaintiff,

13         v.                                 **ORDER**

14   VERONIQUE N. BIKOBA, et al.,

15              Defendants.

16   _____

17   THOMAS F. RUTAGANIRA,

18              Defendant/Cross-
                Complainant,

19         v.

20   KRISTA MITCHELL,

21              Plaintiff/ Cross-
                Defendant.
22

23   _____

24         This matter is before the Court on Defendant Thomas Rutaganira's ("Defendant") Motion

25   to Remand.  (ECF No. 3.)  Plaintiff Krista Mitchell ("Plaintiff") filed an opposition.  (ECF No. 4.)

26   Defendant did not file a reply.  For the reasons set forth below, the Court GRANTS Defendant's

27   Motion to Remand.

28   ///

                                    1

1        On February 1, 2021, Plaintiff filed a complaint in state court alleging unlawful menacing

2   influence in violation of California Civil Code § 1940.2(a)(3).  (ECF No. 1 at 22–98.)  On March

3   23, 2021, Defendant filed a cross-complaint against Plaintiff alleging claims for: breach of

4   contract; breach of the implied covenant of good faith and fair dealing; and negligence.  (*Id*. at

5   247–253.)  On April 22, 2021, Plaintiff dismissed her complaint in its entirety.  (ECF No. 4 at 2.)

6   On August 21, 2024, the state court issued a tentative ruling striking Plaintiff's answer to

7   Defendant's cross complaint and issuing terminating sanctions against Plaintiff and her counsel.

8   (ECF No. 1 at 2.)  On August 22, 2024, Plaintiff removed the action to this Court under 28 U.S.C.

9   § 1446(b)(3), contending the tentative ruling discriminated against Plaintiff because of her mental

10  and physical disabilities in violation of the Americans with Disabilities Act of 1990.  (*Id*.)  On

11  September 20, 2024, Defendant filed the instant motion to remand on the grounds that: (1)

12  Plaintiff does not qualify as a "defendant" under 28 U.S.C. § 1446(a) and is not authorized to

13  seek removal; (2) neither the complaint nor the cross-complaint raises substantial federal question

14  that is necessary to resolve either parties' claim; and (2) a court order's alleged violation of

15  federal law is insufficient to confer federal question jurisdiction.  (ECF No. 3 at 3–5.)

16       The Court agrees with Defendant.  The right to remove a case from state to federal court is

17  vested exclusively with the defendant or defendants.  *See* 28 U.S.C. § 1441(a) ("Except as

18  otherwise expressly provided by Act of Congress, any civil action brought in a State court of

19  which the district courts of the United States have original jurisdiction, may be removed by the

20  defendant or the defendants, to the district court of the United States for the district and division

21  embracing the place where such action is pending.") (emphasis added).  Put simply, a plaintiff

22  "cannot remove an action to federal court."  *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014,

23  1017 (9th Cir. 2007).  This general principle applies equally to plaintiffs who become cross-

24  defendants.  *See Westwood Apex v. Contreras*, 644 F.3d 799, 805 (9th Cir. 2011) (holding that the

25  "counterclaim defendant who is also a plaintiff to the original state action may not remove the

26  case to federal court").  Plaintiff initiated this action in state court and, before Plaintiff dismissed

27  her complaint, Defendant filed a cross-complaint, thereby making Plaintiff a cross-defendant.

28  Accordingly, Plaintiff was not entitled to remove this action.

Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "If the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331. *See* 28 U.S.C. § 1331. The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 386 (1987). Federal question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

Here, Plaintiff's complaint contains one claim, unlawful menacing influence pursuant to California Civil Code § 1940.2(a)(3) (ECF No. 1 at 22–98) and Defendant's cross complaint contains three claims: breach of contract; breach of the implied covenant of good faith and fair dealing; and negligence. (*Id.* at 247–253.) The parties' claims arise exclusively from state law, which Plaintiff does not dispute. Instead, Plaintiff argues the state court's August 21, 2024 tentative ruling violates federal law. However, Plaintiff cites no statute or case law supporting her theory that a plaintiff may seek removal when a court order violates federal law and has failed to uphold her burden of establishing that removal is proper. *See Gaus*, 980 F.2d at 566.

Lastly, Defendant argues he is entitled to attorney fees. (ECF No. 3 at 5.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

///

Here, Plaintiff "lacked an objectively reasonable basis for seeking removal." *Id.*  Plaintiff is not a proper party to seek removal, and her complaint did not contain a federal question. Moreover, Plaintiff's motion appears to have been filed in direct response to an adverse ruling granting Defendant terminating sanctions and entering default judgment against Plaintiff.  As such, the Court GRANTS Defendant's request for attorney's fees under 28 U.S.C. § 1447(c) in the amount of $1,785.00.

For these reasons, the Court GRANTS Defendant's request for attorney's fees under 28 U.S.C. § 1447(c) in the amount of $1,785.00.  The Court also GRANTS Defendant's Motion to Remand (ECF No. 3) and REMANDS this action to Yolo County Superior Court.  The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Date: May 28, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE